# **Exhibit 10**



1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

October 2, 2023

**VIA EMAIL**

Nicholas Roos
Matthew Shahabian
U.S. Attorney's Office
1 St. Andrew's Plaza
New York, New York 10007

      Re:    <u>*United States v. Michael Shvartsman, et. al.*, No. 23 Cr. 307\_(LJL)</u>

Dear Nicholas and Matthew:

      On behalf of defendant Bruce Garelick, thank you for the discovery you have produced so far. The purpose of this letter is to make sure no item has been overlooked. Please provide the information and materials requested below to the extent you have not done so already. This letter is intended to seek all discovery to which Defendant Garelick is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500.

**A. Rule 16 Disclosures**

We request that the government[1] disclose and produce all materials required by Rule 16, including but not limited to the following:

      **(a) General**

      1.    Any written or recorded statements, or copies thereof, made by any of the Defendants, which are within the government's possession, custody, or control. *See* Fed. R. Crim. P. 16(a)(1)(B). This includes, without limitation:

---

[1] The "government" includes not only your office, but also the Department of Justice; any other federal, state, local, or foreign agency allied with, or providing information to, the prosecution, including, without limitation, the Federal Bureau of Investigation ("FBI"), the Department of Homeland Security ("DHS"), the Internal Revenue Service ("IRS"), Customs and Border Protection ("CBP"), the Securities and Exchange Commission ("SEC"), and any other law enforcement or intelligence agency. *See Jimenez v. Graham*, No. 11–cv–6468 (JPO), 2011 WL 6287999, at *4 (S.D.N.Y. Dec. 14, 2011).

(a) any and all written or recorded statements made by any of the Defendants, whether originally recorded by the government or a third party;

(b) any and all statements made by Defendants that may have been incorporated in any writing, report, memorandum, transcript, or other document or recording prepared by or presented to any government agent or representative; and

(c) All statements or summaries of oral statements, if any, made by Defendants to any law enforcement officer at any time during the investigation, included when warrants were executed or searches performed. All Documents[2] or tangible objects, or copies or portions thereof, within the possession, custody or control of the government, that are material to the preparation of Defendants' defense. *See* Fed. R. Crim. P. 16(a)(1)(E)(i).

2. All Documents attached to and/or referenced in the Form TCR Whistleblower Complaint submitted by William Wilkerson to the SEC on or about August 28, 2022 (the "Wilkerson Complaint"), as well as any materials Mr. Wilkerson subsequently provided to the SEC in connection with that proceeding.

3. All Documents or tangible objects, or copies or portions thereof, within the possession, custody or control of the government, that the government intends to use in its case-in-chief. *See* Fed. R. Crim. P. 16(a)(1)(E)(ii). Defendant further requests that any documents or other items produced in response to this request be specifically identified as such, both to enable counsel to prepare effectively for trial and to afford Defendants an opportunity to file appropriate pre-trial motions. *See United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978); *United States v. McDonald*, No. 01-CR-1168 (JS) (MLO), 2002 WL 2022215, at *3 (E.D.N.Y. Aug. 6, 2002) ("[A]lthough the government is not required to organize its documentary evidence, … the government shall be required to identify documents upon which it will rely."); *United States v. Upton,* 856 F. Supp. 727, 748 (E.D.N.Y. 1994) ("The purpose of requiring the government to identify which documents it will rely upon at trial in a situation … where there are thousands of documents - is to allow the defendant to adequately prepare his or her defense. General familiarity with the nature of the documents…will not allow defendants to do that[.]") (original emphasis). This request includes not only those items that will be marked and offered into evidence, but all of those documents or other items that will be relied upon or referred to in any way by any witness called by the government during its case-in-chief. *See id.*

4. All Documents or tangible objects, or copies or portions thereof, within the possession, custody or control of the government, that were obtained from or belong to Defendants. *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

5. All available metadata associated with any Documents to, from, or concerning any Defendant.

   **(b) Specific Documents**

---

[2] The word "Documents" shall include books, papers, documents, data, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems, and any other thing reflecting or containing any communications, including call logs, emails, messages, as well as any drafts of same.

2

6. For the avoidance of doubt, the foregoing general demand for Documents include, but are not limited to, the following Documents regarding relevant communications:

    a. Complete telephone and call records and other digital correspondence (including, but not limited to, messages via iMessage, SMS, WhatsApp, Viber, Signal, and Telegram) to, from, and/or between persons mentioned in the Indictment for the time period relating in any way to the acts or events alleged in the Indictment or in *SEC v. Garelick, et. al*, 23 Cv. 5567 (PGG) ("SEC Complaint").

        i. These persons include, but are not necessarily limited to: (a) Defendants, Rocket One Capital, LLC, Defendants' "friends" and/or "employees" (*see* Indictment at ¶ 13, 20), Source Outdoor Employee-1 and Source Outdoor Employee-2 (*see* Indictment at ¶ 13, 20), Defendants' business associates (*see* Indictment at ¶¶ 13, 20) and Defendants' neighbors (*see* Indictment at ¶¶ 13, 20); (b) Digital World Acquisition Corporation ("DWAC") or any of its directors, officers, agents, managers, employees, members, or other personnel; (c) ARC Global Investments II, LLC ("ARC") or any of its directors, officers, agents, managers, employees, members, or other personnel; (d) Benessere Capital Acquisition Corporation ("Benessere") or any of its directors, officers, agents, managers, employees, members, or other personnel; (e) the Trump Media Group ("TMG") or any of its directors, officers, agents, managers, employees, members, or other personnel; (f) any unnamed "others" that the government contends participated in the charged conspiracies, and employees, agents or others acting on their behalf, knowingly or unknowingly. All such persons (legal or natural) other than the Defendants shall be referred to hereinafter as "Others."

    b. Documents reflecting communications of any kind by and between any representative of Benessere and any representative of TMG regarding a potential merger or other financial or business transaction.

    c. Documents reflecting communications of any kind by and between any representative of DWAC and any representative of TMG regarding a potential merger or other financial or business transaction.

    d. Documents reflecting communications of any kind by and between any representative of ARC and any representative of TMG regarding a potential merger or other financial or business transaction.

    e. Documents reflecting communications of any kind by and between any representative of DWAC, ARC, and/or Bennessere and any other person regarding an investment in DWAC, ARC, or Bennessere.

  f. Documents reflecting communications of any kind by and between any representative of DWAC, ARC, and/or Bennessere and any other person regarding TMG.

  g. Documents reflecting communications of any kind by and between any representative of DWAC and/or ARC and any representative of any company other than TMG regarding a potential merger or other financial or business transaction.

  h. Documents reflecting communications of any kind by and between any representative of Benessere and any representative of any company other than TMG regarding a potential merger or other financial or business transaction.

  i. Documents in which any of the Defendants or Others was the subject of any communication, or in which the person was referenced or was otherwise discussed, in connection with or related to the acts and events alleged in the Indictment or the SEC Complaint from January 2021 to present (*see* Fed. R. Crim. P. 16(a)(1)(E)).

  j. Documents reflecting any minutes, agenda, notes or memorialization of meetings, whether in person or virtually, relating in any way to the acts and events alleged in the Indictment or SEC Complaint.

7. The foregoing general demand for Documents include, but are not limited to, the following relevant financial and transactional Documents:

  a. Documents regarding any potential merger or other business transaction involving TMG, including but not limited to any letters of intent, confidentiality or nondisclosure agreements, memoranda of understanding, term sheets, proposals, power point presentation, board meeting minutes, and all drafts thereof.

  b. Any DWAC and/or ARC materials related to the issuance of "founder shares" as referenced within the Indictment (*see* Indictment at ¶ 8).

  c. All DWAC and/or ARC SEC filings and drafts thereof.

  d. Documents regarding the contracting, invoicing, approving, transferring, acquiring, or other effectuating of payments referenced within the Indictment or the SEC Complaint against the Defendants, or regarding any investment, or the purchasing or sale of shares or warrants referenced in the Indictment or SEC Complaint. *See e.g.,* Indictment ¶¶ 12, 13, 14, 20.

  e. All bank records, account information, transfer information, accounting records or other financial information, invoices, and consulting or other agreements, from or relating to the following entities, including all owners, co-owners, partners, members, parents, subsidiaries, or associated entities, referenced in the Indictment, from early 2021 to present, for the following:

4

     (a) Digital World Acquisition Corporation (*see* Indictment ¶ 1);
     (b) Trump Media and Technology Group ("Trump Media") (*see* Indictment ¶ 2);
     (c) Benessere Capital Acquisition Corporation (*see* Indictment ¶ 2);
     (d) ARC;
     (e) Rocket One Capital LLC (*see* Indictment ¶ 7);
     (f) Michael Shvartsman;
     (g) Gerald Shvartsman;
     (h) Bruce Garelick;
     (i) "Neighbors" as referenced within the Indictment (*see* Indictment at ¶¶ 13, 20);
     (j) "Friends" as referenced within the Indictment (*see* Indictment at ¶¶ 13, 20);
     (k) "Business associates" as referenced within the Indictment (*see* Indictment at ¶¶ 13, 20);
     (l) Any others that traded in DWAC securities on the Nasdaq exchange through purchasing prior to the merger announcement and selling after the merger announcement, and whom the government has investigated related to such trades.

8. The foregoing general demand for Documents include, but are not limited to, Documents or information obtained from the Securities and Exchange Commission ("SEC") regarding (a) allegations contained in the Indictment or SEC Complaint; (b) the SEC allegations against DWAC in connection with SEC Administrative Proceeding File No. 3-21534 (*In the Matter of Digital World Acquisition Corp.*), or which were otherwise related to such administrative proceedings, including the settlement thereof.

### (c) Seizures, Warrants or Other Legal Applications

9. Please provide the following associated with any seizure of Documents or things, as well as applications for search or seizure, in connection with the government's investigation relating in any way to the charges in the Indictment:

    a. All search warrants, search warrant applications, and returns;
    b. All tangible items and Documents seized from any of the Defendants or from any other person during the course of the government investigation;
    c. All tangible items and Documents seized from any of the Defendants or from any other person, pursuant to a search warrant;
    d. Cell phone images, or other information obtained or stored on any electronic devices reviewed, seized, or obtained by the government;
    e. Documentation, evidence, or other material or information obtained by the government through any other legal applications; and
    f. Documents reflecting the actions taken by the government to avoid an intrusion into any legal privileges and protections, including the work of any taint teams, firewalls, privilege logs, chronology of actions taken by the government and drafts of all the foregoing.

Please note that the above requests seek, among other things, any documentation or reports reflecting the events of any search or seizure that took place pursuant any warrant for Defendant Garelick's cell phone, as well as any materials seized or photographed during any search that took place pursuant to the December 29, 2021 warrant for Defendant Garelick's cell phone.

Please also provide any and all materials screened out by any taint team.  Please have the taint team independently provide such materials to us.

In addition, please ensure that any available metadata for electronic materials obtained via a search or seizure is also produced.

**B. Bill of Particulars**

Under Rule 7(f) of the Federal Rules of Criminal Procedure, to permit Defendants to prepare their defense and to avoid unfair surprise at trial, we request the following information:

1. Please identify each securities transaction the government alleges Mr. Garelick unlawfully participated in.

2. Please also identify each securities transaction in DWAC, ARC, or Benessere related securities that Mr. Garelick participated in and that the government does not allege was unlawful.

3. Please identify each "overt act" not listed in the Indictment that the government plans to introduce at trial relating to the conspiracy counts (Count 1).

4. Please identify each instance of "material non-public information" or of "confidential" information that forms the basis of each count in the Indictment. This information must include:

    a. the substance of such information,

    b. how and by whom that information was conveyed,

    c. to whom each such information was conveyed,

    d. the dates of such communication,

    e. the use to which the government contends any Defendant made the information.

5. As to the allegations regarding "duty," please specify:

    a. what duty was owed,

    b. by whom,

    c. the source of the duty,

    d. how it was breached.

6. Please identify each of the individuals with whom Defendants are alleged to have committed each of the charged crimes, including but not limited to, the identity of the "Source Employee-1" and "Source Employee-2," as well as the identity of the other "friends," "employees," "neighbors" or "business associates" as referenced within the Indictment.

7. Please provide the identities of any and all unindicted coconspirators, including but not limited to unspecified "others." Indictment ¶¶ 15, 16, 17, 18. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000); *United States v. Kahale*, 789 F. Supp. 2d 359, 372-74 (E.D.N.Y. 2009) (holding that "identifying those unindicted co-conspirators known to the government is necessary to allow the defendants to adequately prepare their defenses and avoid unfair surprise at trial"), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir.), *cert. denied*, 133 S. Ct. 349 (2012).

8. Please identify the dates when each alleged co-conspirator entered into and participated in the alleged conspiracy, including Defendants.

## C. Pretrial Disclosure Requests

No less than 90 days before trial, please disclose the below material as it relates to the Indictment and specific charges related to Defendant.

### 1. Prior Bad Acts

Under the Fifth and Sixth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 16(a)(1)(D), and Federal Rules of Evidence 403 and 404(b), we request that the government disclose copies of the prior criminal records, if any, of Defendants, their alleged agents or co-conspirators, and all evidence of other crimes, wrongs, or acts allegedly committed by any such person that the government may seek to offer into evidence at trial. If the government intends to offer any such evidence, set forth the date, place, and nature of each such crime, wrong, or act, as well as the bases for admission, to enable the Court to make a determination concerning its admissibility.

In addition, we request that the government disclose whether, should any of the Defendants testify on their own behalf, the government will attempt to rely upon specific instances of conduct for impeachment purposes pursuant to Federal Rule of Evidence 608(b), and, if so, provide a description of any such instance(s).

### 2. Exhibit List

Please provide a list of all exhibits the government intends to use at trial that are known to the government. *See, e.g.*, *Upton*, 856 F. Supp. at 747-48 (when there are thousands of documents, the government must identify those documents it will rely upon at trial to allow the defendant to prepare adequately for his defense). Please note that the Defendants take the position that until the government produces its exhibit list, the government has not complied with Rule 16(a)(E)(ii), and that the defendants are not obligated to provide reciprocal disclosure pursuant to Rule 16(b).

### 3. Witness List

Please identify the names, addresses and telephone numbers of any witness the government intends to call to elicit expert testimony within the meaning of the Federal Rules of Evidence. *See United States v. Savin*, No. 00 CR 45 (RWS), 2001 WL 243533, at *6-8 (S.D.N.Y. Mar. 7, 2001) (finding specific need for witness list based on large number of potential witnesses, documents, and fact that underlying events spanned several years); *United States v. Rueb*, No. 00 CR 91 (RWS), 2001 WL 96177, at *7-9 (S.D.N.Y. Feb. 5, 2001) (witness list required to be turned over to defendants due to voluminous documents produced and extended time period covered by indictment); *United States v. Shteyman*, No. 10 CR 347 (SJ), 2011 WL 2006291, at *9 (E.D.N.Y. May 23, 2011) (Johnson, J.) (recognizing that the government may be obligated to disclose the identities of witnesses prior to trial where the defendant has made a showing of need).

In the case of each expert witness, please provide a written summary of the anticipated testimony, including the witness's opinions, the bases and reasons therefor, and the witness's qualifications. Please disclose any reports, studies, or other data that any such expert will rely upon in giving his or her testimony. *See* Fed. R. Crim. P. 16(a)(1)(G).

### 4. Statements of Alleged Accomplices

Please provide any statement by an alleged co-conspirator during and in furtherance of the alleged conspiracy which the government will seek to offer at trial. *See* Fed. R. Evid. 801(d)(2)(E). Please also provide the names and addresses of all cooperating witnesses and/or confidential informants (or, if represented, their counsel) who participated in an investigation related to the incidents in this case, whose statements will be offered at trial, and the substance of their statements.

### 5. Section 3500 Material / Federal Rule of Criminal Procedure 26

Please produce all reports, draft reports, and notes for all agents it intends to call as witnesses in this matter pursuant to the Jencks Act, 18 U.S.C. § 3500.

## II. *BRADY* AND *GIGLIO* MATERIAL

Please promptly provide all documents or information that constitute *Brady* and *Giglio* material in the possession, custody, and control of the government. Such material must be produced forthwith and, to the extent the government later learns of new material, promptly thereafter.

Each of the examples enumerated below must include all statements made by witnesses to law enforcement officials, whether such statements were memorialized or not. *See United States v. Rodriguez*, 496 F. 3d 221 (2d Cir. 2007) (holding that when prosecution is in possession of material information that impeaches its witnesses or exculpates the defendant, it may not avoid its *Brady* and *Giglio* obligation to disclose such information by not writing it down). Likewise, the examples enumerated below specifically include all statements to law enforcement officials regardless of whether the government credits such statements or whether the witness has since recanted the statement.

In light of the charges in this case, exculpatory information includes, at a minimum, <u>any</u> information that undermines, contradicts or otherwise calls into question any of the following:

a. any of the factual assertions in the Indictment or the government's theory of prosecution;
b. the existence of any duty alleged in the Indictment;
c. the knowing breach of any such duty;
d. the nonpublic status of any information allegedly disclosed in breach of said duty;
e. the knowledge of the non-public status of any allegedly disclosed information;
f. whether the alleged tippees received the alleged information from Defendants as opposed to another source;
g. the materiality of the allegedly disclosed information;
h. the knowledge of the materiality of any allegedly disclosed information;
i. the personal benefit conferred in exchange for the alleged disclosure of the identified nonpublic material information;
j. the use of such information to trade;
k. criminal intent in trading on such material nonpublic information.; and
l. whether Defendants acted willfully, *i.e.*, "with knowledge that [their] conduct was unlawful." *United States v. Kosinski*, 976 F.3d 135, 154 (2d Cir. 2020) (quoting *Bryan v. United States*, 524 U.S. 184, 191–92 (1998)).

If you disagree about whether any of the foregoing would constitute exculpatory information that qualifies as *Brady* material, please inform us promptly so that the matter can be resolved, with judicial intervention if necessary.

Reserving our rights to provide you with additional examples, and in no way limiting our demands to these examples, we seek all *Brady* and *Giglio* material, including but not limited to the following:

1. Any and all cooperation agreements between the government and persons referenced in the Indictment and/or whom the government plans to call as a witness at trial, including but not limited to "friends," "employees," "neighbors," or "business associates" as referenced within the Indictment;

2. Any video and/or audio recordings of persons referenced in the Indictment and/or whom the government plans to call as a witness at trial, including but not limited to "employees" or "friends" as referenced within the Indictment;

3. Any and all documents concerning the criminal records of (including records of arrests and/or prosecutions), and/or regulatory actions or investigations involving persons referenced in the Indictment and/or whom the government plans to call as a witness at trial, including but not limited to Defendants, "friends," "employees," "neighbors," or "business associates" or as referenced within the Indictment.

4. Any and all documents concerning any benefits Patrick Orlando received from his associated entities.

5. Any and all documents concerning Patrick Orlando's relationship or communication with any other person referenced in the Indictment and/or whom the government plans to call as a witness at trial, including but not limited to Defendants, "friends," "employees," "neighbors," or "business associates" or as referenced within the Indictment.

6. Any and all non-privileged documents the SEC received or generated in connection with the Form TCR Whistleblower Complaint submitted by William Wilkerson on or about August 28, 2022 (the "Wilkerson Complaint").

7. Any information indicating that any person identified provided false and/or misleading information to Defendants pursuant to their cooperation agreements with the government;

8. Any information, including communications with persons referenced in the Indictment and/or whom the government plans to call as a witness at trial, tending to establish that any agent of government deemed that those persons violated the law, lied, or engaged in deceptive conduct while acting as a cooperator or informant or otherwise under the direction of the government;

9. Any information indicating that Defendants did not authorize or control payments the purchase or sale of securities as referenced within the Indictment;

10. All documents and communications in the government's possession, custody or control that present factual assertions, legal analyses, or otherwise opine on the conduct referenced in the Indictment, or other representations made by the government related to the charges in this case, or relating to any of the legal elements of any such charges, that in any way call into question, critique, qualify or undermine the government allegations, claims or theory of prosecution in this case, as well as in the allegations made in the corresponding SEC case pending in the Southern District of New York, as follows: *Securities and Exchange Commission v. Bruce Garelick, et al*, Case No. 23-CV-5567 (S.D.N.Y.);

11. Any exculpatory documents or information presented to the grand jury.

12. Any and all documents or information in or concerning proffers made to the government by any defendant, counsel on behalf of any defendant, any potential witness, or counsel to any potential witness containing statements that may tend to exculpate Defendants.

13. Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the government intends to call at trial, including, without limitation, allegations of criminal conduct of which the government knows, or through reasonable diligence, should have reason to know.

14. The dates and a description of any and all considerations or promises of consideration given during the course of the investigation and preparation of this matter by the government (including prosecutors or agents, police or informers) to or on behalf of any witness the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness at any future time. Such "considerations" include anything that arguably could be of value or use to a witness or anyone related to the witness by blood or marriage, including but not limited to:

    a. formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, immigration, administrative, or other matter involving the state or federal government, any other authority, including in foreign jurisdictions, or other parties, including but not limited to any promises or agreements made in connection with SEC Administrative Proceeding File No. 3-21534 (*In the Matter of Digital World Acquisition Corp.*), or the Wilkerson Complaint;

    b. civil, criminal, or tax immunity grants;

    c. relief from forfeiture;

    d. payments of money, rewards, fees, witness fees, or special witness fees;

    e. provisions of food, clothing, transportation, legal services, or other benefits;

    f. letters to anyone informing the recipient of the witness's cooperation;

    g. recommendations concerning licensing, certification, or registration;

    h. promises to take affirmative action to help the status of the witness in a profession, business, or employment, or promises not to jeopardize such status;

    i. aid or efforts in securing or maintaining the business or employment of a witness; and

    j. anything else that arguably could reveal an interest, motive, or bias in the witness in favor of the prosecution or against any of the Defendants or act as an inducement to testify, to color the witness's testimony, or otherwise to make a case for the government and/or against Defendants.

The government is requested to include copies of all memoranda of understanding between the government and its witnesses, whether by way of correspondence with counsel for a witness or otherwise.

    15. Any and all statements – formal and informal, oral or written – by the government, its agents, and representatives to any person (including counsel for such persons or counsel for such person's employer) whom the government intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course, or outcome of any government action – state or federal, civil or criminal – or immigration matters against the witness, the witness's employer, or anyone related by blood or marriage to the witness.

    16. A list of any and all requests, demands, or complaints made to the government by the witness which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on his or her behalf (regardless of whether or not the government has agreed to provide any favorable action).

    17. Any written or oral statement, whether or not reduced to writing, made by any potential government witness, which in any way contradicts or is inconsistent with or different

from other oral or written statements that person has made, and any such statement made by any person, whether a witness or not, which in any way contradicts, or is inconsistent with or different from any statement made by a potential government witness.

18. Any statements read or given by the government to the departments of Pretrial Services or Probation in connection with the prosecution or conviction of any potential government witness.

19. A copy of all letters and/or memoranda written to the Court in connection with the sentencing of any potential government witness.

20. Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action, or conduct undertaken in connection with the investigation and prosecution of this case.

The aforementioned requests include all such information that, while not in the immediate possession of the government, is uniquely accessible to it. If the government does not possess, but is aware of, information or materials that would or may be *Brady*, *Giglio*, and/or *Bagley* material, but believes the material can be obtained by Defendants by *subpoena duces tecum*, please so advise.

**III. INSPECTION DEMAND**

Pursuant to Rule 16(e), Defendants request to "inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items…." Please advise when Defendants and counsel may perform such an inspection.

We also request that you notify us in writing, specifically and promptly, of any requested material that you do not intend to produce or make available for inspection and photocopying.

**IV. CONCLUSION**

Other than with respect to the Pretrial Disclosure Request discussed in Section C above, we request that the government produce each of the above-described Documents and information by October 18, 2023. We reserve the right to amend or supplement the requests for documents or information set forth herein.

Sincerely,

/s/ Jonathan P. Bach

Jonathan P. Bach
Counsel for Bruce Garelick

12

cc: All Counsel of Record

13