# Exhibit 12

| | |
|---|---|
| **Subject:** | RE: US v. Garelick / Shvartsman |
| **Date:** | Tuesday, November 7, 2023 at 6:43:18 PM Eastern Standard Time |
| **From:** | Shahabian, Matthew (USANYS) |
| **To:** | Alice Buttrick, Jonathan Bach, Roos, Nicolas (USANYS) |
| **CC:** | Alexandra Shapiro, Hanft, Elizabeth (USANYS) |
| **Attachments:** | 318D-NY-3516454_0000114_Redacted.pdf |

Alice,

Thanks—our responses are below, in order of your questions.

1. The additional production referenced is the one that was produced to you later in the day on October 23.
2. We do not understand the objection. We have not produced, at this time, for example, Jencks Act material such as notes of statements made by *other witnesses* reflecting what your client or his co-conspirator said during the charged conspiracy.
3. We also do not understand this objection. To the extent you're asking what we have not produced that we think falls outside of Rule 16, we are referencing Jencks Act material.
4. We have produced the materials that are required to be produced under Rule 16 at this time. We would note that Rule 16(d)(1) authorizes the Court, *ex parte*, to defer discovery on a showing of good cause.
5. Yes, the trades alleged to be unlawful are the open market purchases that occurred after the IPO.
6. Due to a technical error the witness statement was omitted from the last production. I've attached it here and we will Bates stamp this and produce this by a Relativity-friendly format as well.
7. We are obtaining the bodycamera footage and will produce it to you promptly.

My apologies on the consent to cross-produce—I thought the protective order in this case included a provision on consent to cross-production of device extractions on an AEO basis, as many of our protective orders do, and I now see it does not. That is my error. Given that there is no consent to cross-produce in effect, we will also ask counsel for the Shvartsmans their positions on cross-production. We will ask the parties to destroy their copies of cross-produced AEO extractions if there is not consent.

Thanks,
Matt

**From:** Alice Buttrick <abuttrick@shapiroarato.com>
**Sent:** Monday, November 6, 2023 9:38 AM
**To:** Shahabian, Matthew (USANYS) <MShahabian@usa.doj.gov>; Jonathan Bach <jbach@shapiroarato.com>; Roos, Nicolas (USANYS) <nroos@usa.doj.gov>
**Cc:** Alexandra Shapiro <ashapiro@shapiroarato.com>; Hanft, Elizabeth (USANYS) <EHanft@usa.doj.gov>
**Subject:** [EXTERNAL] Re: US v. Garelick / Shvartsman

Matt,

Thank you for responding to our October 2, 2023 discovery letter. We have a few questions concerning your response and some other issues below, and we're always happy to get on a call to discuss if helpful.  We would also be happy to discuss a comprehensive pre-trial disclosure schedule with you and the other Defendants.

- At several points in your letter, you indicate that the government will be producing additional materials.  When can we expect an additional production?

- We understand from your letter that the government objects to producing statements made by Defendants that are incorporated into other documents or presented to any government agent.  (Ltr. at 1).  Please confirm that the government does not plan to introduce any statement from Mr. Garelick that has not already been turned over.

- Your letter states that the government has or will produce various materials that "are discoverable under Rule 16."  (*E.g.* Ltr. at 1-2 (SEC materials and Wilkerson materials); 2 (items material to the defense or that the government intends to use in its case-in-chief, per R. 16(a)(1)(E)(i) and (ii), available metadata, communications among relevant parties and entities, financial and transactional documents); 3 (materials reflecting the Dec. 29, 2021 search of Garelick's phone and metadata)). Does the government have additional material that is responsive to our requests that it is withholding? If so, please identify those categories of material and provide the legal basis for the government's position that such material is not covered by Rule 16.

- Relatedly, your letter states that the government has produced various categories of materials that are discoverable under Rule 16 "for which disclosure is required at this time."  (*E.g.* Ltr. at 1 (Defendants' statements); 2 (items material to the defense or that the government intends to use in its case-in-chief, per R. 16(a)(1)(E)(i) and (ii), available metadata, communications among relevant parties and entities, financial and transactional documents); 2 (available metadata); 3 (metadata for materials obtained pursuant to a search or seizure)).  Does the government have additional material discoverable under Rule 16 that it is withholding for disclosure at a later time? If so, please provide the legal basis for withholding such material at this time.

- We do not agree that no further bill of particulars is warranted and reserve rights on that issue.  In addition, we wanted to confirm whether, as you indicated on our October 18 call, the trades the government alleges are unlawful are limited to any open market purchases in DWAC securities identified in the Indictment that occurred after DWAC's initial public offering.

- On our October 18 call, you indicated that the government would be producing, as potential *Brady* material, a witness interview in which a witness relayed a statement from Garelick concerning his board seat. We have not been able to locate that statement in the subsequent production – we would appreciate if you could let us know whether that statement has or will be produced, and, if the former, where we can find it in the production.

- We also see from the document production that the agents who arrested the defendants used body cameras, but we have not been able to locate the body cam footage in the production. Can you please produce that footage or identify where it is located in the

**2 of 3**

prior productions?

Finally, we note that your letter states, at 3, that we consented to permit the government to produce post-privilege-review images of devices belonging to each Defendant to his co-defendants.  Although we have no objection to the government's production of these materials to Mr. Garelick's co-defendants, we are not aware of being asked to provide such consent or granting it. In the future, we would appreciate if the government could refrain from attributing statements or actions to us that we have not taken.

We appreciate your ongoing assistance and cooperation.

Best,
Alice

---

**From:** Shahabian, Matthew (USANYS) <Matthew.Shahabian@usdoj.gov>
**Date:** Monday, October 23, 2023 at 2:18 PM
**To:** Jonathan Bach <jbach@shapiroarato.com>, Roos, Nicolas (USANYS) <Nicolas.Roos@usdoj.gov>
**Cc:** Alexandra Shapiro <ashapiro@shapiroarato.com>, Alice Buttrick <abuttrick@shapiroarato.com>, Hanft, Elizabeth (USANYS) <Elizabeth.Hanft@usdoj.gov>
**Subject:** RE: US v. Garelick / Shvartsman

Jonathan,

Attached is the Government's response to your letter dated October 2, 2023.

Best,
Matt

---

**From:** Jonathan Bach <jbach@shapiroarato.com>
**Sent:** Monday, October 2, 2023 6:30 PM
**To:** Shahabian, Matthew (USANYS) <MShahabian@usa.doj.gov>; Roos, Nicolas (USANYS) <nroos@usa.doj.gov>
**Cc:** Alexandra Shapiro <ashapiro@shapiroarato.com>; Alice Buttrick <abuttrick@shapiroarato.com>
**Subject:** [EXTERNAL] US v. Garelick / Shvartsman

Matt and Nick:

Attached please find a discovery letter submitted on behalf of defendant Bruce Garelick.

Thank you,

Jonathan Bach