

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

February 7, 2024

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *United States v. Bruce Garelick*, S1 23 Cr. 307 (LJL)

Dear Judge Liman:

    The Government writes to request that the Court conduct a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), concerning potential conflicts of interest that could arise from an entity at least partially owned by Michael Shvartsman contributing to the funding of Bruce Garelick's defense. Because there is a potential conflict, the Government is seeking a *Curcio* hearing so that Garelick may knowingly waive any conflict that could arise.

    A.    <u>Applicable Law</u>

    A defendant has a right under the Sixth Amendment to conflict-free legal representation. *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994). District courts have two separate obligations where there is a possible conflict of interest. First, when a court is aware of the possibility of an attorney's conflict of interest, it has a threshold obligation to "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *Id.* at 153; *see also United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998). As the Second Circuit has explained:

> The trial court has an obligation to inquire into the facts and circumstances of an attorney's interests either in response to a timely conflict of interest objection or when it knows or reasonably should know of the possibility of a conflict of interest. Failure to engage in such an inquiry, when it is required, results in an automatic reversal. An inquiry allows the trial judge to determine the precise nature of the conflict and how to proceed, *i.e.*, whether to disqualify counsel, obtain a waiver from the defendant pursuant to *Curcio*, or take no action.

*United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996) (citations and internal quotation marks omitted). Second, if the court determines that defense counsel has an actual or potential conflict of

interest, the court has a "'disqualification/waiver' obligation" to determine whether the conflict is so severe as to obligate the Court to disqualify the attorney or a lesser conflict that can be waived in a *Curcio* hearing. *Kliti*, 156 F.3d at 153; *Levy*, 25 F.3d at 153.

An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) (citations and internal quotation marks omitted). To show divergent interests, "[s]peculation is not enough." *Triana v. United States*, 205 F.3d 36, 42 (2d Cir. 2000), nor is a "mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). A potential conflict of interest, by contrast, occurs when "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *Kliti*, 156 F.3d at 153 n.3) (internal quotation marks omitted).

Once the court has determined that an actual or potential conflict exists, it must determine whether the conflict is waivable. *Levy*, 25 F.3d at 153. Because the Sixth Amendment guarantees not only the right to an attorney of undivided loyalty but also, with certain exceptions, to an attorney of one's own choosing, where those rights conflict the determination of which right is to take precedence must generally be left to the defendant, who may make a knowing and intelligent waiver of his right to a conflict-free lawyer if he desires to continue the representation. *United States v. Cain*, 671 F.3d 271, 293 (2d Cir. 2012) (citing *Curcio*, 694 F.2d at 24-25). Nonetheless, because the Court has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them," *Wheat v. United States*, 486 U.S. 153, 160 (1988), "there exists a narrow class of so-called per se conflicts that are not susceptible to waiver." *Cain*, 671 F.3d at 293.

If a court determines that there exists a conflict that does not require disqualification, it "must conduct a *Curcio* hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation." *Kliti*, 156 F.3d at 153; *see also Levy*, 25 F.3d at 153. The Second Circuit has set forth the requirements for such a *Curcio* hearing as follows:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*Perez*, 325 F.3d at 119.

B. <u>Discussion</u>

Garelick has acknowledged his legal fees are being paid by his employer, which is indirectly majority owned by co-defendant Shvartsman. (*See* Dkt. 82). The payment of legal fees by a third party, even if not a co-defendant, creates a potential conflict of interest that requires further inquiry. *See, e.g.*, *United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993). As the Second Circuit has explained, "the acceptance of such benefactor payments may subject an attorney to undesirable outside influence and raises an ethical question as to whether the attorney's loyalties are with the client or the payor." *Id.* In *Locascio*, the Second Circuit affirmed disqualification, considering that (1) evidence of benefactor payments would be offered as proof of a criminal enterprise at trial and (2) the disqualified attorney would be an unsworn witness. *See id.* at 932-34.

Based on the information currently known to the Government (including representations made by defense counsel in their submission), none of the factors that created an unwaivable conflict in *Locasio* are present here. The Government will not seek to offer proof of the benefactor payment as evidence of the charged offenses, and counsel's financial relationship with Shvartsman's business does not give counsel firsthand knowledge of any of the facts that will be contested at trial. In short, there is no reason to believe that the potential conflict is so severe that "no rational defendant would knowingly and intentionally desire the conflicted lawyer's services." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). In order to waive the conflict, Garelick must be advised of defenses or actions he may need to forfeit, seek independent legal advice, and make a knowing and intelligent waiver. *See Perez*, 325 F.3d at 127 (discussing standard for waiving "lesser conflict" of attorney representation of two or more defendants).

Accordingly, the Government respectfully requests that the Court conduct a *Curcio* hearing to determine whether Garelick knowingly and intelligently waives his right to conflict-free representation and include the proposed questions in Appendix A in its examination of Garelick. *See, e.g.*, *United States v. Alexandre*, No. 22 Cr. 326 (JPC), Dkt. 32 (S.D.N.Y. Aug. 2, 2022) (joint letter proposing *Curcio* script for case involving benefactor payments); *United States v. Flores*, No. 15 Cr. 765 (PAC), Dkt. 39 (S.D.N.Y. May 12, 2016) (transcript of *Curcio* hearing to advise defendants of potential conflict of interest arising from benefactor payments). Finally, and as reflected in Appendix A, the Government respectfully requests that the Court ensure that Garelick

has sufficient time to consider the issues and the risks posed by his attorneys' representation, as well as an opportunity to consult independent counsel, prior to accepting any waiver.

>                    Respectfully submitted,
>
>                    DAMIAN WILLIAMS
>                    United States Attorney
>
>             by:   /s/
>                   Elizabeth A. Hanft
>                   Daniel G. Nessim
>                   Matthew R. Shahabian
>                   Assistant United States Attorneys
>                   (212) 637-2334 / -2486 / -1046

cc: Defense Counsel (by ECF)

**Proposed *Curcio* Examination**
***United States v. Garelick,*** S1 23 Cr. 307 (LJL)

I. <u>Competency Questions</u>

- *The parties respectfully request that the Court conduct an inquiry at the outset of the* Curcio *proceeding to establish the defendant's competency.*

II. <u>Circumstances of Representation</u>

- Are you currently represented by [list lawyers for each respective defendant]? I'm going to refer to those lawyers and their firm as your "Current Counsel."

- Approximately how long has your Current Counsel represented you?

- Have you been satisfied with your Current Counsel's representation to date?

- Do you wish to continue to be represented by your Current Counsel?

- Have you personally paid your Current Counsel for their services in this case?

- Do you know if anyone else has paid your Current Counsel for their services in representing you?

- What is your understanding of that arrangement?

III. <u>Right to Conflict-Free Representation</u>

- Do you understand that in every criminal case, including this one, the defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

- Is your choice to be represented by your Current Counsel a choice you have made freely and voluntarily, without any promises, threats, or inducements being made or offered to you?

- Do you understand that whenever someone other than the defendant is paying lawyers who are representing that defendant, it is possible that whoever is paying may have interests different than the defendant's interests, and the lawyers' judgment may be influenced by the wishes of whoever is paying their bills, or what the lawyers think are the wishes of whoever is paying their bills, rather than the wishes of the defendant?

- So it is possible, in this case, that your Current Counsel may be influenced in the advice they give you and in the way they defend you by what they are told are the wishes of, or what they think are the wishes of, the people who are paying their bills. Those wishes may be different from yours. Do you understand that?

- Do you understand that this situation—that is, having your Current Counsel paid by someone other than you—creates a risk to you that your lawyers may not be acting solely in your interests?

- Do you understand that particularly in this case—when your Current Counsel is being paid by an entity controlled by your co-defendant—this creates a heightened risk that your lawyers may not be acting solely in our interests?

- For example, the payment of fees by an entity controlled by your co-defendant could influence Current Counsel to recommend that you avoid taking a step that would be contrary to your co-defendant's interest.  Do you understand that?

IV. <u>Defendant's Understanding of the Conflict</u>

- Do you understand that you have the right to object to continued representation by your Current Counsel based on the existence of a pretrial conflict of interest?

- It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with your Current Counsel.  Do you understand that?

- Do you understand that it is the view of this Court that there are risks in proceeding with an attorney who has a potential conflict of interest of this kind?

- Do you agree that if the Court permits you to proceed with your Current Counsel, in the event you are convicted, you will not be permitted to make any argument, on appeal or otherwise, based on the representation by your Current Counsel and the potential conflict we have discussed?  Do you agree to waive, and give up, any argument of that kind?

- To make sure you have understood what we have been discussing, please describe in your own words your understanding of the conflict or conflicts of interest that may arise in this case.

- Do you understand that you have a right to consult with a lawyer other than your Current Counsel to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so?  [or:  I understand that you have consulted with a lawyer other than your Current Counsel to determine whether you want them to continue representing you, and that the Court

      will give you an opportunity to do so?]

- Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue and/or to represent you? [if needed]

- Do you understand that the Court encourages you to consult with another lawyer about this conflict-of-interest issue? [if needed]

- Is there anything that you wish to have explained further?

- The Court will give you an opportunity to think about what you have been told, whether or not you would like to speak with separate counsel about it. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about. Then the Court will ask whether you wish to continue being represented by your Current Counsel.

- Would you like court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues? [if needed]

- Would you prefer to adjourn today's proceeding until you can give more thought to this matter?

V.    Continuation of the *Curcio* Hearing

- After considering all that the Court has said about the ways in which having third parties and, in particular, your co-defendant and an entity owned by your co-defendant, paying your legal fees may adversely affect your defense, do you believe that it is in your best interest to continue being represented by your Current Counsel?

- Is that your wish?

- Is there anything that the Court has said that you wish to have explained further?

- Do you understand that by choosing to continue being represented by your Current Counsel, you are waiving your right to be represented by an attorney who has no conflict of interest?

- Are you knowingly and voluntarily waiving your right to conflict-free representation?

- Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party pay your legal fees you were denied effective assistance of counsel?