

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

April 29, 2024

**VIA ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 1620
New York, NY 10007

Re: *United States v. Bruce Garelick*, 23 CR 307 (LJL)

Dear Judge Liman:

Defendant Bruce Garelick respectfully submits this letter to request that the Court dismiss the current prospective jury panel and begin voir dire anew. Restarting the voir dire process is a reasonable and appropriate means to balance the need for an efficient process of jury selection with Mr. Garelick's Sixth Amendment right to an impartial jury and due process right to a fundamentally fair trial.

As the Court is aware, during today's voir dire one prospective juror openly reported in front of the venire that she learned from the news that "[t]here are two people pleading guilty" in connection with this case. Upon the Court's request to speak up, the juror again stated—adding detail—that "[t]here are two people pleading guilty and [Mr. Garelick] is the third person." Voir dire continued over Mr. Garelick's objection. Once the prospective juror panel was qualified, the Court conducted individual questioning of the panel members in the robing room to further understand the prejudice that ensued from the juror's comments. During individual questioning, 15 out of 34 panel members reported recalling the comments (either accurately as it was stated, or in other equally or more prejudicial varieties[1]). The Court then dismissed for cause three jurors who reported that the comment would, for example, "linger" in their heads. Although the Court conducted the inquiry as best it could under the circumstances, it is clear that in some instances the inquiry itself caused prejudice. Certain jurors reported, for example, "I had it out of my mind, but now it is back in my mind."

We stress that Mr. Garelick has not yet suffered the prejudice that naturally will ensue from these events. Indeed, the Court has a clear opportunity to ensure that no such prejudice ever comes to pass. In matters of voir dire, "[t]he standard…is that the trial court's discretion must be exercised consistent with 'the essential demands of fairness.'" *United States v. Nieves*, 58 F.4th 623, 632 (2d Cir. 2023). Here, Mr. Garelick's requested relief would impose a low cost on the Court and prospective jurors by extending voir dire for a few more hours. Weighed against the tremendous competing risk that Mr. Garelick will not receive a fair criminal trial,

---

[1] Indeed, some of the unexcused jurors reported having heard that the co-defendants were "found guilty."

Hon. Lewis J. Liman
April 29, 2024

basic demands of fairness counsel in favor of a fresh venire.  Based on today's events, additional jurors are already necessary so that the Court can complete the panel qualification process to replace the three excused jurors, which will also necessitate reiterating the Court's preliminary remarks and reading through the questionnaire again.  It is far better to fix the issue now than go forward with a tainted jury.

Courts have repeatedly recognized that it is highly prejudicial for jurors to be exposed to the fact that co-defendants have already admitted guilt.  Indeed, it is black letter law that the admission of a non-testifying co-defendant's guilty plea in evidence is error.  *United States v. Gotti*, 459 F.3d 296, 343 (2d Cir. 2006); *Gov't of Virgin Islands v. Mujahid*, 990 F.2d 111, 116 (3d Cir. 1993) ("We have long recognized that admitting a co-defendant's guilty plea can jeopardize the fundamental fairness of a criminal trial because of the likelihood that the jury may impute a co-defendant's guilt to the defendant."); *United States v. Leach*, 918 F.2d 464, 467 (5th Cir. 1990) ("We consistently have held a prosecutor's reference to such convictions [is] plain error."); *United States v. Lindsay*, 141 F.3d 1161 (4th Cir. 1998); *United States v. De La Vega*, 913 F.2d 861, 866 (11th Cir. 1990).

As the Second Circuit has further observed, even when a co-defendant's plea is not admitted into evidence, when jurors learn of "a co-defendant's admission of wrongdoing," that "can be very powerful evidence against a remaining defendant" warranting a new trial.  *United States v. Schwarz*, 283 F.3d 76, 99 (2d Cir. 2002) (ordering new trial based on jury's exposure to press accounts of co-defendant's guilty plea); *see also United States v. Ramos-Cardenas*, 524 F.3d 600, 611 (5th Cir. 2008) ("[W]e are troubled by the district court's disclosure of [co-defendant's] guilty plea to the jury" in response to jury note).  The prejudice resulting from such information is particularly great here, where the charges include conspiracy, as well as aiding and abetting.  *See United States v. Griffin*, 778 F.2d 707, 711 (11th Cir. 1985) ("In a conspiracy trial, which by definition contemplates two or more culpable parties, courts must be especially vigilant to ensure that defendants are not convicted on the theory that guilty 'birds of a feather are flocked together.'" (quoting *Krulewitch v. United States*, 336 U.S. 440, 454 (1949) (Jackson, J., concurring)).

Mr. Garelick is aware of the Supreme Court's observation in *Skilling v. United States* that while "publicity about a codefendant's guilty plea calls for inquiry to guard against actual prejudice, it does not ordinarily…warrant an automatic presumption of prejudice."  561 U.S. 358, 384–85 (2010).  But that case concerned whether a presumption of prejudice resulted and assessed the issue from a post-hoc perspective; it should not govern the instant request, in which the Court has the opportunity to exercise its discretion to cure any prejudice ex ante, and prevent the potential injustice that could result from a tainted jury pool.  Moreover, even if a juror denies harboring any actual prejudice, a substantial risk remains in the wake of such prejudicial comments during voir dire, and the Court need not take prospective jurors at their word.  Even assuming most prospective jurors in good faith believe that they can follow the Court's instructions, as a practical matter it is virtually impossible to "unring the bell" once a person is exposed to such prejudicial information.  Furthermore, unfortunately it is not uncommon for jurors to mislead during voir dire or otherwise fail to follow the Court's instructions designed to prevent against extrinsic bias.  *See, e.g., Schwarz*, 283 F.3d at 99 (post-trial affidavits from three jurors revealed that despite their "best efforts to avoid publicity," they had learned from another juror during deliberations that a co-defendant had previously pleaded guilty); *see also United*

Hon. Lewis J. Liman
April 29, 2024

*States v. Parse*, 789 F.3d 83, 120 (2d Cir. 2015) (describing juror misconduct during voir dire); *United States v. Tsarnaev*, 96 F.4th 441, 449 (1st Cir. 2024) (same); *People v. Neulander*, 34 N.Y.3d 110, 114-15 (2019) (juror "disregarded the court's plentiful instructions as to outside communications and when such conduct was brought to light, the juror was deliberately and repetitively untruthful" about misconduct).  In the circumstances here, it is simply unfair to expose Mr. Garelick to those risks when the prejudice can so easily be corrected.

      Accordingly, Mr. Garelick requests that the Court dismiss the current prospective jury panel and begin voir dire anew.  In the alternative, Mr. Garelick requests that the Court dismiss the twelve remaining prospective jurors who reported recalling the prejudicial comments.

Respectfully submitted,

/s/Alexandra A.E. Shapiro

Alexandra A.E. Shapiro
Jonathan P. Bach
Julian S. Brod
Jason A. Driscoll
*Counsel for Bruce Garelick*

cc:  Counsel of Record (via ECF)