

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 1, 2024

**VIA ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 1620
New York, NY 10007

Re: *United States v. Bruce Garelick*, 23 CR 307 (LJL)

Dear Judge Liman:

Defendant Bruce Garelick continues to preserve his objection to the admissibility of opinion testimony from DWAC board members and other witnesses about their subjective opinions and understandings about whether information was material or nonpublic and whether they could trade in the public securities markets while in possession of such information. *See* Dkt. 122, 126. We respectfully submit this letter to seek clarification and partial reconsideration of the Court's ruling (while preserving our objection to the ruling), and to move to preclude several exhibits that the government apparently intends to offer during Eric Swider's testimony.

In its ruling, the Court stated that it would permit the government "to offer evidence that other board members and DWAC employees understood that the information at issue was confidential and that they could not trade on it." Apr. 29, 2024 Tr.12. The Court ruled, however, that it would not permit "the witnesses to testify (unless a door is opened) as to whether they believed a given course of action would be legal or illegal," because "[t]estimony regarding the purported legality or illegality of an action would violate the fundamental principle that witnesses cannot 'present testimony in the form of legal conclusions.'" *Id.* (citation omitted).

*First*, putting aside opinions on "confidentiality," we respectfully submit that there is no practical difference between an opinion that a witness believed he "could not trade" on information, and an opinion on whether it was legal to trade on that information. An opinion on whether trading was permitted *is*, by definition, an opinion on whether trading was lawful—there is no reason trading would not be permitted unless it is because the law prohibited the trading. Such an opinion is thus exactly the sort of legal opinion that the Court indicated it would not permit. Accordingly, we request that the Court modify its ruling and clarify that the government may not elicit testimony or other evidence about witnesses' personal opinions, which were not shared with Mr. Garelick, about whether it was permissible for them to trade.

Relatedly, we would request that the Court direct the government to instruct its witnesses not to volunteer their legal opinions about whether trading was permissible, since that would violate the Court's ruling. During the direct examination of Andrew Litinsky, the witness at one point began talking about "the rules" and testified that he did not trade the securities of DWAC or Benessere because "It would be against the rules." Apr. 30, 2024 Tr.123. Defense counsel

Hon. Lewis J. Liman
May 1, 2024

objected, citing the Court's ruling, but the Court overruled the objection and said "the witness is not speaking with respect to what the law is. *Id*. The Court should have sustained the objection because there is no substantive difference between saying that it would be against "the rules" and saying it would be against "the law." We respectfully request that the Court enforce its ruling and direct the government to ensure that its witnesses do not offer such legal opinions.

*Second*, we renew our motion to preclude evidence pertaining to Swider's mistaken purchase of one share of DWAC and the related issue about his conversation with Patrick Orlando regarding filing forms. *See* Apr. 29, 2024 Tr.15-17. Even apart from the Rule 701 and 403 problems with this evidence, it is completely irrelevant because the incident occurred *after* the public announcement. The announcement was made on October 20, 2021. GX129E. Swider purchased the share on October 21, 2021. *See* GX 375 at 4. Thus, assuming Swider was anxious because he believed he was not permitted to trade when he mistakenly purchased the DWAC share, that belief was legally erroneous, since the information had been publicly disclosed. That is an additional reason that it will be misleading, will confuse the jury and will cause unfair prejudice. Thus, the evidence about this incident is inadmissible under Rules 401 and 403 even under the Court's ruling. Admitting this evidence, moreover, will necessarily suggest to the jury that it is always improper for the director of a public company to trade in its shares. This would be an incorrect view of the law, but one that many jurors may instinctively gravitate towards.

*Third*, for similar reasons the Court should exclude GX531 (attached as Exhibit A), a text exchange between Swider and his daughter Karyn that also occurred on October 21, 2021, after the announcement. In this conversation, Swider tells Karyn to "Look at dwac," to which she responds, "Wow soared more than 270%." Then Swider says "Don't buy any" and "Family can't." It is unclear why Swider is telling Karyn not to buy the stock, but this exchange occurs after the information was publicly announced, so his opinion about whether a family member could or should purchase the stock has no conceivable relevance to the case. And it is likely to confuse the issues and mislead the jury and unfairly prejudice Mr. Garelick, so it should also be excluded under Rule 403.

*Fourth*, the Court should also exclude GX532 and GX533 (attached as Exhibits B and C), which are text exchanges between Swider and his daughter Karyn in early June 2021. In GX532, on June 4, 2021, Swider says that he is "going to Bedminster New Jersey today to trumps flagship resort," and discloses that "We are signing a deal with our SPAC today." He states "You can't tell anyone. It's non public info," "We are financing trumps media platform," and later in the exchange cautions, "Please don't bring it up to anyone." In GX533, on June 5, 2021, Swider sent Karyn a picture[1] apparently relating to the deal and said, "Please don't share this or tell anyone"; "I have to be very careful about what I disclose. 😉"; and "Public company. Can't disclose what it was for Until public announcement."

This evidence is inadmissible not only for the reasons set forth in the motion in limine, but for additional reasons as well. For starters, it is one thing to allow Swider to provide limited opinion testimony about his views of information shared with *DWAC's* board. But there is no

---

[1] The metadata indicates that there is one or more attachments, but the picture is not visible in the exhibit.

Hon. Lewis J. Liman
May 1, 2024

relevance whatsoever to Swider's opinions on what he could or couldn't disclose relating to *Benessere*'s discussions with Trump Media Group in early June. That was months before DWAC's board ever met, and weeks before Mr. Garelick even met Orlando. At the time of these exchanges, Swider was serving on the board of Benessere; the discussions have nothing to do with DWAC or Mr. Garelick's board service on DWAC. Accordingly, they lack probative value and would only confuse and mislead the jury.

*Fifth*, all three of these exchanges between Mr. Swider and his daughter should be excluded anyway, because they are cumulative, unnecessary, and their only purpose is to further bolster his irrelevant and unfairly prejudicial opinion testimony. It is one thing to admit evidence regarding a witness's beliefs as to the confidentiality of information, or whether he could trade on that information. But the Rule 403 balance is quite different when the witness illustrates his testimony with three different anecdotes that focus not on what the witness's beliefs were, but how forcefully he held them—a subject that is surely irrelevant.

Respectfully submitted,

/s/Alexandra A.E. Shapiro

Alexandra A.E. Shapiro
Jonathan P. Bach
Julian S. Brod
Jason A. Driscoll
*Counsel for Bruce Garelick*

cc: Counsel of Record (via ECF)